TROUTMAN FIRM
Eric J. Troutman (State Bar # 229263)
Puja J. Amin (State Bar # 299547)
530 Technology Drive, #200
Irvine, California 92618
Telephone: +1 949 350 3663
Facsimile: +1 949 203 8689
troutman@troutmanfirm.com
puja@troutmanfirm.com

Attorneys for Defendant
EHEALTHINSURANCE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIK SALAIZ, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EHEALTHINSURANCE SERVICES, INC., a Delaware corporation, JOHN DOE, an unknown business entity,<br><br>Defendants. | Case No. 5:22-cv-04835<br><br>**REPLY IN SUPPORT OF DEFENDANT EHEALTHINSURANCE SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE 12(B)(6)**<br><br>Date: March 16, 2023<br>Time: 9:00 A.M.<br><br>Judge: Beth Labson Freeman<br><br>Action filed: August 24, 2022 |

Defendant eHealthInsurance Services, Inc. ("eHealth") hereby respectfully submits its reply in support of its Motion to Dismiss for Failure to State a Claim Under Federal Rule 12(B)(6) [ECF No. 15] (the "Motion").

1

## Table of Contents

I. INTRODUCTION ............................................................................................. 5

II. ARGUMENT ................................................................................................... 6

    A. Plaintiff's Opposition Fails to Adequately Address eHealth's Argument That It Is Not Directly Liable for John Doe's Alleged Actions .................................................................................................. 6

    B. Plaintiff's Opposition Fails to Adequately Address eHealth's Argument That It Is Not Vicariously Liable for John Doe's Alleged Actions .................................................................................................. 7

        *1. Actual Authority* ............................................................................ 7

        *2. Apparent Authority* ...................................................................... 9

        *3. Ratification* ................................................................................. 11

III. CONCLUSION .............................................................................................. 12

TROUTMAN FIRM
530 Technology Drive, Ste 200 Irvine, CA 92618
troutman@troutmanfirm.com

# Table of Authorities

**Cases**

*Banks v. Pro Custom Solar*,
    2018 WL 3637960 (E.D.N.Y. July 31, 2018) ....................................................... 10

*Black v. Sunpath*,
    2022 WL 4241270 (M.D. Tenn. Sept. 14, 2022) ............................................... 5, 8

*Cunningham v. Kondaur Capital*,
    2014 WL 8335868 (M.D. Tenn. November 19, 2014) ........................................... 6

*Golan v. Veritas Entm't, LLC*,
    2014 WL 2095310 (E.D.Mo. May 20, 2014) ..................................................... 6, 7

*In re Joint Petition Filed By Dish Network, LLC, Declaratory Ruling*,
    28 FCC Rcd. 6574 (May 9, 2013) (the "2013 FCC Ruling") ................................ 6

*Jones v. Royal Admin. Servs., Inc.*,
    887 F.3d 443 (9th Cir. 2018) ................................................................................ 8

*Keating v. Peterson's Nelnet*, LLC,
    615 F. App'x 365 (6th Cir. 2015) ......................................................................... 5

*Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1015 (9th Cir. 2018) ..... 11

*Landy v. Natural Power*,
    2021 U.S. Dist. LEXIS 154637 (D. N.J.  August 16, 2021) ............................... 10

*Lucas v. Telemarketer Calling from (407) 476-5680*,
    2019 WL 3021233 (6th Cir. May 29, 2019) .......................................................... 6

*McCurley v. Royal Sea Cruises, Inc.*,
    2021 WL 312005, (S.D. Cal. Jan. 29, 2021), ....................................................... 8

*McCurley v. Royal Seas Cruises, Inc.*,
    2022 WL 1012471 (9th Cir. Apr. 5, 2022) ........................................................ 8, 9

*Melito v. Am. Eagle Outfitters, Inc.*,
    2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015) ...................................................... 6

TROUTMAN FIRM
530 Technology Drive, Ste 200 Irvine, CA 92618
troutman@troutmanfirm.com

*Morris v. SolarCity Corp.*,
   2016 WL 1359378 (N.D. Cal. Apr. 6, 2016) ............................................................. 6

*Nw. Nat. Ins. Co. v. Fed. Intermediate Credit Bank of Spokane, Wash.*,
   839 F.2d 1366 (9th Cir. 1988) ................................................................................ 9

*Osborn v. Griffin*, 865 F.3d 417, 446 (6th Cir. 2017) ................................................. 5

*Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 940 (9th Cir. 2017) ............................ 9

*Smith v. State Farm Mut. Auto. Ins. Co.*,
   30 F.Supp.3d 765 (N.D.Ill.2014) ............................................................................ 7

*Tuso v. Nat'l Health Agents, LLC*,
   2021 U.S. Dist. LEXIS 115467 (E.D. Cal. June 21, 2021)( ................................ 10

*Valdes v. Nationwide Real Estate Execs.*,
   2021 U.S. Dist. LEXIS 100931 (C.D. Cal. April 22, 2021) ................................. 10

*Winters v. Quicken Loans*,
   2021 U.S. Dist. LEXIS  209695 (D. Az. October 29, 2021) ................................. 9

**Other Authorities**

Restatement (Third) of Agency § 4.01(1) ................................................................ 11

## I. **INTRODUCTION**

eHealth's Motion to Dismiss made two primary arguments: i) that eHealth cannot be held *directly liable* for calls merely because a third-party made calls "on its behalf" and ii) insufficient facts are alleged in the Complaint to hold eHealth *vicariously* liable for the calls made by John Doe. Plaintiff's Opposition fails to directly address either argument, and the Motion must, therefore, be granted.

As to direct liability, the Opposition asserts, in essence, that Plaintiff has no responsibility to plead facts demonstrating eHealth's direct liability. But that is not true. As eHealth's Motion argued, Plaintiff must plead facts showing that eHealth actually made the calls at issue before it can assert a direct liability theory against it. Plaintiff has not done so. So, the motion must be granted as to direct liability.

As to vicarious liability, Plaintiff reminds the Court that he alleged eHealth hired John Doe to make calls on its behalf. This is undisputed, but also not dispositive. To make out a claim for vicarious liability under a theory of actual authority, Plaintiff must plead and prove eHealth authorized the *illegal* conduct. *E.g. Black v. Sunpath*, 2022 WL 4241270 (M.D. Tenn. Sept. 14, 2022); *Keating v. Peterson's Nelnet*, LLC, 615 F. App'x 365, 373 (6th Cir. 2015); *Osborn v. Griffin*, 865 F.3d 417, 446 (6th Cir. 2017); *Lucas v. Telemarketer Calling from (407) 476-5680,* No. 18-3633, 2019 WL 3021233 (6th Cir. May 29, 2019). Plaintiff asserts no such facts. Similarly, Plaintiff asserts no facts showing either apparent authority or

5

ratification and the Opposition does nothing to shed light on how the asserted facts are sufficient to raise a claim under either theory.

As such, Plaintiff has failed to allege facts showing eHealth is either directly or vicariously liable for the conduct of John Doe in this suit. Its Motion must be granted.

## II. ARGUMENT

### A. Plaintiff's Opposition Fails to Adequately Address eHealth's Argument That It Is Not Directly Liable for John Doe's Alleged Actions

As eHealth pressed in its Motion, the FCC and reviewing Courts have concluded—repeatedly—that a party is not directly liable for calls merely because it retains a third-party to make calls "on its behalf." *In re Joint Petition Filed By Dish Network, LLC, Declaratory Ruling,* 28 FCC Rcd. 6574, 6582–83 ¶¶ 24–26 (May 9, 2013) (the "2013 FCC Ruling"); *Cunningham v. Kondaur Capital*, 2014 WL 8335868, at *5 (M.D. Tenn. November 19, 2014); *Golan v. Veritas Entm't, LLC*, No. 4:14 CV 00069 ERW, 2014 WL 2095310, at *4 (E.D.Mo. May 20, 2014); *Melito v. Am. Eagle Outfitters, Inc.,* No. 14-CV-02440, 2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015).

Plaintiff cites to a single case in its rebuttal—*Morris v. SolarCity Corp.*, Case No. 15-cv-05107-RS, 2016 U.S. Dist. LEXIS 46748, 2016 WL 1359378 (N.D. Cal. Apr. 6, 2016). This case asserts that "it is not [plaintiff's] burden at this juncture to come forward with allegations or evidence conclusively negating the possibility

6

that [defendant] neither made the calls itself nor can be held indirectly liable." *Id*. at *6. Perhaps not. But it *is* Plaintiff's burden to assert facts plausibly supporting his theory of liability.

Here, eHealth cannot be *directly* liable for the calls at issue unless it made the calls itself. Plaintiff concedes he has no probable cause—i.e. no basis under Rule 11—to allege such facts. See *Opposition* (Doc. No. 19) at p. 4 and 5 (conceding he has "no idea" what eHealth's relationship with John Doe was.)  As Plaintiff cannot assert a claim for direct liability against eHealth consistent with Rule 11, his claim must be dismissed. *See* ; *see also Smith v. State Farm Mut. Auto. Ins. Co*., No. 13 CV 2018, 30 F.Supp.3d 765, 771, 2014 WL 3906923, at *3 (N.D.Ill.2014); *Golan*, 2014 WL 2095310, at *4.

### B. Plaintiff's Opposition Fails to Adequately Address eHealth's Argument That It Is Not Vicariously Liable for John Doe's Alleged Actions

eHealth's Motion demonstrated the allegations of the Complaint were insufficient to sustain a finding of vicarious liability under any of the three major theories in TCPA suits: i) actual authority; ii) apparent authority; ii) ratification. Plaintiff's Opposition asserts that the Complaint's allegations are sufficient as to all three theories. But he is mistaken three times.

#### 1. Actual Authority

A seller is vicariously liable for a third-party's TCPA violation on an "actual authority" theory only where the seller has actually authorized the violation of the

7

TCPA at issue. *Black*, 2022 WL 4241270 at *3; *McCurley v. Royal Sea Cruises, Inc.*, No. 17-CV-00986-BAS-AGS, 2021 WL 312005, *6 (S.D. Cal. Jan. 29, 2021), overturned on other grounds by *McCurley v. Royal Seas Cruises, Inc.,* No. 21-55099, 2022 WL 1012471 (9th Cir. Apr. 5, 2022) (unpublished).

Here, Plaintiff tacitly concedes he alleges no facts to the effect that eHealth authorized a TCPA violation in this suit. Still, he asserts that the mere fact eHealth hired John Doe to make phone calls is sufficient to hold it liable on an "actual authority" theory. That is simply not the way it works, however. *Black*, 2022 WL 4241270 at *3; M*cCurley*, 2021 WL 312005, *6 ("Any claim of actual authority in this case is belied by the express language in the contract between Royal Seas and Prospect requiring that any leads be from individuals who had consented to be called.").

Plaintiff's "actual authority" position is actually just a rehash of his "direct liability" theory. But it is simply not the case that eHealth is somehow "automatically' liable for calls made by a third-party. Plaintiff must show either "actual authority" to make out such a claim, or otherwise establish the commonly known "control" factors necessary to show general agency. *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 451 (9th Cir. 2018) (Court rejected actual authority theory because telemarketer did not act with actual authority from the seller when it placed calls that violated the TCPA).

8

But Plaintiff chooses not to assert allegations of control. Again, he relies solely on a theory that eHealth *must* be liable under an actual authority theory merely because it hired John Doe. This form of strict liability is inconsistent with vicarious liability principles present in the Ninth Circuit. Indeed, even allegations asserting contracts *plus* a degree of control are insufficient to state a claim. *See Winters v. Quicken Loans*, No. CV-20-00112-PHX-MTL, 2021 U.S. Dist. LEXIS 209695 (D. Az. October 29, 2021) (granting motion to dismiss, notwithstanding plaintiff's allegations that seller "substantially controlled the Telemarketing Agent's actions by specifying the nature and type of calls to be made, by specifying the nature and type of the calls to be placed, the means by which such calls were to be placed, the content of such calls, and by retaining the right to terminate the contract unilaterally").

As such the Motion must be granted as to "actual authority."

### 2. Apparent Authority

The law is clear that a seller cannot be held liable on an apparent authority theory unless the *seller* took steps to hold out the marketer as authorized to act on its behalf in connection with the injury producing conduct. *See McCurley*, 2022 WL 1012471 at *2; *see also Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 940 (9th Cir. 2017); *Nw. Nat. Ins. Co. v. Fed. Intermediate Credit Bank of Spokane, Wash.*, 839 F.2d 1366 (9th Cir. 1988). Thus TCPA cases against sellers will rarely be possible on an apparent authority theory. *See, e.g. Valdes v. Nationwide Real Estate Execs.*,

9

SA CV 20-01734-DOC-(JDEx), 2021 U.S. Dist. LEXIS 100931 (C.D. Cal. April 22, 2021) (Motion to dismiss granted where "the Complaint is devoid of any allegations that [NREE] made any statement or took any action that would have led Plaintiff to believe [the caller] was acting as its agent"); *Tuso v. Nat'l Health Agents, LLC*, No. 2:20-cv-02130- JAM-CKD, 2021 U.S. Dist. LEXIS 115467 (E.D. Cal. June 21, 2021) (motion to dismiss on apparent authority granted where no action by seller directed at Plaintiff).

Plaintiff cites *Banks v. Pro Custom Solar*, Case No. 17-CV-613, 2018 U.S. Dist. LEXIS 128182, 2018 WL 3637960 (E.D.N.Y. July 31, 2018), in support of its argument that John Doe soliciting Plaintiff to purchase eHealth's products is enough to constitute apparent authority. However, this case and the direct citation given therefrom clearly says "***Defendant's statements*** could reasonably give the appearance that Defendant, the purported principal, authorized [John Doe]." *Id.* at *2 (emphasis added). This clearly is differentiated from the case at hand since we do not have any allegations that eHealth made statements of any kind to Plaintiff.

Instead in this case all that is alleged is that the call was "transferred" to eHealth. Complaint at p. 5 ¶s 32-34. But such transfers are definitively insufficient to establish apparent liability in a TCPA suit. *See Landy v. Natural Power*, Case No. 3:21-cv-00425, 2021 U.S. Dist. LEXIS 154637 (D. N.J. August 16, 2021)(vicarious liability does not follow from a mere warm transfer).

### 3. *Ratification*

Finally, Plaintiff contends his Complaint asserts sufficient facts to demonstrate eHealth ratified the calls at issue. He is, once again, mistaken.

As eHealth argued in its moving papers, ratification is only possible where a party knows of an illegal act and takes the benefit of that act. *Kristensen v. Credit Payment Servs. Inc.,* 879 F.3d 1010, 1015 (9th Cir. 2018) ("Although AC Referral was an agent of Click Media, Kristensen presented no evidence that Click Media had actual knowledge that AC Referral was sending text messages in violation of TCPA."); *Id.* (knowledge that an agent is engaged in a "commonplace marketing activity" like text messaging not enough for ratification). And Plaintiff's complaint simply does not allege knowledge of illegal conduct on eHealth's part.

The Opposition simply pretends as if the law is not the law. Plaintiff argues that eHealth *can* be held liable merely because it accepted the benefits of illegal conduct. But he can cite to no case suggesting that eHealth can be liable in the absence of *knowledge* of illegality. And his own authority stands for that same proposition. *See* Restatement (Third) of Agency § 4.01(1) cmt. d. (cited by Opposition at p. 8) (A principal ratifies the action of an agent only if it "knowingly accepts the benefits of the transaction.")

And while Plaintiff is surely correct that ratification can sometimes be a fact question determined by a jury,[1] at this stage Plaintiff must plead facts demonstrating eHealth was knowledgeable as to the illegality of John Doe's conduct in order to survive the pleadings stage. This he has not done.

As such the motion must be granted.

### III.  CONCLUSION

Plaintiff continues in its failure to show that eHealth is liable under any of the above theories. Their opposition does nothing to warrant redemption and escape from what is clearly proper here which is for the Court to grant eHealth's Motion.

Dated: November 7, 2022          TROUTMAN FIRM

                                 By: */s/Puja J, Amin*
                                     Puja J. Amin

                                 *Attorney for Defendant eHealthInsurance Service, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2022, a copy of the foregoing was served by ECF to counsel of record.

                                 */s/ Puja J. Amin*
                                 Puja J. Amin

---

[1] Most of the authority cited by Plaintiff at Opposition pp. 8-9 is directed at evidence needed to show whether ratification took place at the summary judgment stage. It is helpful that these cases address *knowledge* of illegality. But they otherwise shed no light on the merits of the Motion—which is directed at Plaintiff's failure to *plead facts* related to eHealth's knowledge of John Doe's purported misconduct, not any evidentiary lapse.