UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIK SALAIZ,<br><br>        Plaintiff,<br><br>v.<br><br>EHEALTHINSURANCE SERVICES, INC.,<br><br>        Defendant. | Case No. 22-cv-04835-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS WITH LEAVE TO AMEND AND DENYING MOTION TO STAY DISCOVERY**<br><br>[Re: ECF Nos. 15, 16, 17] |

This is a putative class action brought by Plaintiff Erik Salaiz against Defendants eHealthInsurance Services, Inc. ("eHealth" or "Defendant") and John Doe for allegedly making unlawful calls in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.

Now before the Court are three motions: (1) Defendant's motion to dismiss under Rule 12(b)(6), *see* ECF Nos. 15 ("MTD"), 23 ("MTD Reply"); (2) Defendant's motion to strike class allegations, *see* ECF Nos. 16 ("MTS"), 25 ("MTS Reply"); and (3) Defendant's motion to stay discovery, *see* ECF Nos. 17 ("MTSD"), 24 ("MTSD Reply"). Plaintiff opposes all three motions. *See* ECF Nos. 19 ("MTD Opp."), 20 ("MTS Opp."), 21 ("MTSD Opp."). The Court held a hearing on the motions on March 16, 2023. *See* ECF No. 31. For the reasons discussed on the record and explained below, the Court GRANTS the motion to dismiss WITH LEAVE TO AMEND, it GRANTS the motion to strike class allegations WITH LEAVE TO AMEND, and it DENIES the motion to stay discovery.

I.   BACKGROUND

As alleged in the Complaint, eHealth is a company that sells Medicare insurance to customers and John Doe is an unknown business entity. ECF No. 1 ("Compl.") ¶¶ 22-23.

Salaiz alleges that on December 20, 2021, at 1:42 p.m., he received a phone call from (515) 474-6906. Compl. ¶¶ 29-30. When he answered the phone, Salaiz "heard an artificial or prerecorded voice pretending to be a real person." *Id.* ¶ 31. The voice said, "this is Medicare rewards, can you hear me OK? I'm with Medicare rewards and, press one to be removed, I just wanted to get in touch with you today to tell you that you may be paying too much for your Medicare insurance." *Id.* ¶ 32. Salaiz alleges that he asked, "Where are you from?" and the voice continued, "One of our senior insurance professionals can look over your current plan and make sure you aren't missing out on any savings." *Id.* ¶ 33. A live agent then came on the phone and asked for "David," which is the name of Salaiz's father. *Id.* ¶ 34. The agent solicited Plaintiff for eHealth's Medicare insurance services. *Id.* Salaiz never consented to receive calls from eHealth or John Doe. *Id.* ¶ 35.

Plaintiff alleges that, to increase sales, eHealth hired John Doe to market the company and produce inbound calls. Compl. ¶ 24. John Doe allegedly amassed a list of thousands of phone numbers from unknown sources. *Id.* ¶ 25. And upon calling those numbers, John Doe would play an artificial or prerecorded voice message. *Id.* ¶ 27. Salaiz alleges that Defendants did not have consent from the called parties before making the calls. *Id.* ¶ 28.

Plaintiff alleges that eHealth gave actual authority to John Doe to generate customers. Compl. ¶ 55. He alleges that "eHealth's integration of robocalling into their sales process was so seamless that it appeared to outside parties like Plaintiff that John Doe was the telemarketing department of eHealth." *Id.* ¶ 56; *see also id.* ¶ 64. And he further alleges that "eHealth acted in concert with John Doe and has been able to enjoy the benefits of mass robocalling." *Id.* ¶ 57; *see also id.* ¶ 66 ("Defendant eHealth actively accepted business that originated through the illegal robocalls placed by John Doe.").

This lawsuit was filed on August 23, 2022. *See* Compl. The Complaint asserts two causes of action: (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) and (2) violation of the unlawful prong of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. *Id.* ¶¶ 80-92. Plaintiff seeks to represent a class defined as follows:
> All persons in the United States who: (1) from the last 4 years to the filing of this complaint (2) received at least one telephone call; (3) on

2

> his or her cellular telephone; (4) that used an artificial or prerecorded voice; (5) for the purpose of selling Defendants' products or services; (6) where Defendants did not have the recipient's express written consent prior to placing the calls.

*Id.* ¶ 72.

## II.   MOTION TO DISMISS

### A.   Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  But the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citation omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### B.   Analysis

The TCPA makes it "unlawful for any person within the United States . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service."  47 U.S.C. § 227(b)(1)(A)(iii).  It also makes it "unlawful for any person within the United States . . . (B) to

initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

"For a person to 'make' a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-cv-03315-PJH, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018) (citing *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014)). Defendants argue that Plaintiff has not alleged facts sufficient to support either direct or vicarious liability. *See* MTD. The Court will address each in turn.

### 1. Direct Liability

eHealth argues that Plaintiff has not alleged sufficient facts for a claim based on direct liability because "Plaintiff does not allege eHealth made any call on behalf of itself." MTD at 10-12. The Complaint alleges that eHealth is "directly liable under the TCPA for outsourcing their telemarketing to John Doe." Compl. ¶ 49. Plaintiff does not allege that eHealth made the calls directly or that an employee of eHealth made the calls. *See* Compl.; *see also* MTD Opp. at 4-5. Plaintiff has not alleged facts sufficient to state a claim on a theory of direct liability. *See Abante*, 2018 WL 288055, at *4 (determining plaintiff did not state a claim for direct liability where "[p]laintiff has not alleged facts showing that [defendant] made the calls or that the callers were calling on behalf of or were employed by [defendant] as opposed to some other entity"); *Naiman v. Freedom Forever, LLC*, No. 19-cv-00256-JSC, 2019 WL 1790471, at *3 (N.D. Cal. Apr. 24, 2019) (determining plaintiff did not state a claim for direct liability where "[t]he complaint alleges that '[d]efendant' made the calls in question and provides *no* further details" and thus "there are no facts from which the Court could infer that an employee of [defendant] made the calls" (emphasis in original)).

### 2. Vicarious Liability

Defendant eHealth also argues that Plaintiff has not alleged sufficient facts for a claim based on vicarious liability. MTD at 12-17. "[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by common

4

law, between the defendant and a third-party caller." *Naiman*, 2019 WL 1790471, at *4 (alteration in original) (quoting *Gomez*, 768 F.3d at 879). "Three theories of agency could support vicarious liability: (1) actual authority; (2) apparent authority; and (3) ratification." *Abante*, 2018 WL 288055, at *4 (citing *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014)). "Although the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed." *Naiman*, 2019 WL 1790471, at *4 (quoting *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)).

a. Actual Authority

First, eHealth argues that Plaintiff has not alleged sufficient facts to plead actual authority. MTD at 13-16. Actual authority requires a showing of agency. "An agent is one who 'act[s] on the principal's behalf and subject to the principal's control.'" *Abante*, 2018 WL 288055, at *5 (alteration in original) (quoting *United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010)). "Agency means more than mere passive permission; it involves request, instruction, or command." *Id.* (quoting *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012)). And a plaintiff must show not only an agency relationship, but "must also establish actual authority to place the unlawful calls." *Canary v. Youngevity Int'l, Inc.*, No. 5:18-cv-03261-EJD, 2019 WL 1275343, at *5 (N.D. Cal. Mar. 20, 2019) (quoting *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449 (9th Cir. 2018)).

eHealth argues that Plaintiff has not alleged facts showing that eHealth had any control over John Doe as required for a showing of agency. MTD at 14. eHealth also argues that Plaintiff failed to allege that eHealth directly authorized John Doe to make calls in violation of the TCPA. *Id.* at 13. Plaintiff alleges that eHealth "gave actual authority to John Doe to generate prospective customers." Compl. ¶ 55. Plaintiff provides no allegations as to the relationship between eHealth and John Doe or whether eHealth exercised any control over John Doe. *See* Compl. His conclusory allegation that eHealth gave John Doe actual authority to generate prospective customers is insufficient to plead a theory of actual authority. *See Naiman*, 2019 WL 1790471, at *4 (determining plaintiff had not pled vicarious liability with "boilerplate" allegation as to agency

5

that was "wholly conclusory"); *Canary*, 2019 WL 1275343, at *5-6 (determining plaintiff had not pled vicarious liability with "general and conclusory" allegations as to agency and actual authority); *Rogers v. Postmates Inc.*, No. 19-cv-05619-TSH, 2020 WL 1032153, at *4 (N.D. Cal. Mar. 3, 2020) (determining plaintiff had not pled vicarious liability because "nebulous allegations [did] not support a plausible inference that [defendant] exercised any control over the sender of the text necessary to establish an agency relationship") (collecting cases).

### b. Apparent Authority

Second, eHealth argues that Plaintiff has not alleged sufficient facts to state a claim based on apparent authority. MTD at 16. "Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." *Abante*, 2018 WL 288055, at *5 (quoting *N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1098 (9th Cir. 1997)). The plaintiff cannot simply allege "that the purposed agent 'claimed authority or purported to exercise it.'" *Id.* (quoting *N.L.R.B.*, 124 F.3d at 1098).

eHealth argues that Plaintiff has not alleged that eHealth represented to Plaintiff that John Doe was authorized to make calls on its behalf. MTD at 16. The Court agrees. Plaintiff alleges that he "reasonably believed and relied on the fact that John Doe had received permission and instructions from eHealth to advertise its Medicare insurance." Compl. ¶ 65. But Plaintiff cannot rely on this conclusory allegation. There are no allegations in the Complaint that eHealth made any manifestations to Plaintiff that would have provided a reasonable basis for Plaintiff to believe that eHealth authorized John Doe to make the calls. *See* Compl. Plaintiff therefore has not stated a claim on a theory of apparent authority.

### c. Ratification

Third, eHealth argues that Plaintiff has not alleged sufficient facts to state a claim based on ratification. MTD at 16-17. "Ratification is 'the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority.'" *Canary*, 2019 WL 1275343, at *9 (quoting *Kristensen v. Credit Payment Servs., Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018)). Ratification does not apply if the actor is not an agent and does not purport to be one.

*Id.*; *see also Abante*, 2018 WL 288055, at *6 ("Plaintiff cannot show defendant is liable under a ratification theory because 'the principal-agent relationship is still a requisite, and ratification can have no meaning without it.'" (quoting *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003))). "Even if a principal ratifies an agent's act, '[t]he principal is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking.'" *Kristensen*, 879 F.3d at 1014 (alteration in original) (quoting Restatement (Third) of Agency § 4.01 cmt. b).

Defendant eHealth has argued that Plaintiff has not sufficiently alleged eHealth's knowledge. MTD at 16-17. Plaintiff alleges that "eHealth ratified John Doe's TCPA violations by knowingly accepting the benefit of Plaintiff as a new customer" even though Plaintiff was a "victim of Defendants' illegal marketing scheme." Compl. ¶ 68. This conclusory allegation is insufficient to plead knowledge, and therefore Plaintiff has not adequately pled ratification.

\* \* \* \* \*

eHealth's motion to dismiss for failure to state a claim is thus GRANTED WITH LEAVE TO AMEND.

### III. MOTION TO STRIKE CLASS ALLEGATIONS

#### A. Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). Motions to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D.

1  Cal. 2004). "If there is any doubt whether the portion to be stricken might bear on an issue in the
2  litigation, the court should deny the motion." *Id.* "With a motion to strike, just as with a motion
3  to dismiss, the court should view the pleading in the light most favorable to the nonmoving party."
4  *Id.*

5  "There is a split in this District as to whether a motion to strike class action allegations
6  may be entertained at the motion to dismiss stage." *Ogala v. Chevron Corp.*, No. 14-cv-173-SC,
7  2014 WL 4145408, at *2 (N.D. Cal. Aug. 21, 2014) (collecting cases). Even those courts that
8  have considered such a motion early in the proceedings "have applied a very strict standard to
9  motions to strike class allegations on the pleadings." *Id.* "Only if the court is convinced that any
10 questions of law are clear and not in dispute, and that under no set of circumstances could the
11 claim or defense succeed may the allegations be stricken." *Id.* (internal quotation marks and
12 citation omitted). Thus, even if a motion to strike class allegation is considered at the pleading
13 stage, it may only be granted under "rare circumstances" where "the complaint demonstrates that a
14 class action cannot be maintained on the facts alleged." *Tasion Commc'ns, Inc. v. Ubiquiti*
15 *Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 1048710, at *3 (N.D. Cal. Mar. 14, 2014) (citation
16 omitted).

17 **B.  Analysis**

18 eHealth brings a motion to strike Plaintiff's class allegations, identifying several
19 deficiencies with Plaintiff's proposed class definition. *See* MTS. Plaintiff seeks to represent a
20 class defined as follows:

21 > All persons in the United States who: (1) from the last 4 years to the filing of this complaint (2) received at least one telephone call; (3) on
22 > his or her cellular telephone; (4) that used an artificial or prerecorded voice; (5) for the purpose of selling Defendants' products or services;
23 > (6) where Defendants did not have the recipient's express written consent prior to placing the calls.
24 
Compl. ¶ 72.

25 Defendant eHealth argues that (1) the class is overbroad; (2) the class definition
26 improperly depends on the outcome of merits inquiries; and (3) the class is based on the lack of
27 consent of the recipient as opposed to the called party. *See* MTS; MTS Reply. The Court will
28

8

address each in turn.

Defendant argues that the class is overbroad as to eHealth because it includes calls made by *anyone* to sell *either* of the Defendants' services. MTS at 14-16; MTS Reply at 7-10. The Court agrees that the definition is overbroad in two senses. First, the proposed class definition would include individuals who were called by any party to sell eHealth services, not just John Doe. And, as discussed above, eHealth would not be liable for such calls unless Plaintiff could show direct or vicarious liability with the third party. Second, the proposed class definition would include individuals who were called by any party to sell John Doe's services. There is no reason that Defendant eHealth would be liable for any such calls. The proposed class definition is overbroad in that it does not identify who made the calls or which of the Defendants' products were being sold.

Defendant next argues that the class definition improperly relies on merits determinations because it only includes individuals for whom the Defendants did not have "express written consent," which Defendant argues is a merits determination. MTS at 17-18. Defendant asserts that it would be unfairly prejudiced by this class definition because class members could not lose, and it would be impossible to identify who is in the class before merits determinations are made. *Id.* at 18. Plaintiff responds by arguing that fail-safe classes are not per se impermissible. Opp. at 3-4. "A class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class." *Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW, 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010) (quoting 5 James W. Moore, *Moore's Federal Practice* § 23.21[3][c] (2001)). "However, in the Ninth Circuit, it is not necessary to deny certification (or in this case strike class allegations) simply because the initially proposed class is a 'fail safe' class." *Olney v. Job.com, Inc.*, No. 1:12-CV-01724-LJO-SKO, 2013 WL 5476813, at *11 (E.D. Cal. Sept. 30, 2013) (citing *In re AutoZone, Inc., Wage & Hour Emp. Pracs. Litig.*, 289 F.R.D. 526, 546 (N.D. Cal. 2012)). "Rather, the proposed class may be redefined to avoid ascertainably problems." *Id.* (citing *In re AutoZone*, 289 F.R.D. at 546). At least one other court in this district has stricken class allegations in a TCPA case when the class definition included language as to consent. *See Dixon v. Monterey Fin. Servs., Inc.*, No. 15-cv-

1   03298-MMC, 2016 WL 3456680, at *4-5 (N.D. Cal. June 24, 2016); *see also Dixon v. Monterey*
2   *Fin. Servs., Inc.*, No. 15-cv-03298-MMC, 2016 WL 4426908, at *1-2 (N.D. Cal. Aug. 22, 2016).
3   In that case, the court gave leave to amend. *Dixon*, 2016 WL 3456680, at *5. And in another
4   district court case within the Ninth Circuit, the court allowed the plaintiff to redefine the proposed
5   class in a TCPA case where the initial proposed class definition required that a class member "had
6   not previously consented to receiving such calls," noting that such a definition created a failsafe
7   problem. *Olney*, 2013 WL 5476813, at *10-11. The Court notes that in one of the cases cited by
8   Plaintiff, in which the court determined at the class certification stage that there were common
9   questions as to consent, the class definition did not include any language on consent. *See*
10  *McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 163 (S.D. Cal. 2019). And in another case
11  cited by Plaintiff, the court expressly recognized that the class definition was proper because it did
12  not require "the court to make findings on legal issues, such as prior consent, in determining class
13  membership." *Panacci v. A1 Solar Power, Inc.*, No. 15-cv-00532-JCS, 2015 WL 3750112, at *8
14  (N.D. Cal. June 15, 2015) (collecting cases). That is not the case here. The Court agrees with
15  Defendant that the language in the class definition as to consent is improper.
16       Defendant finally argues that the class definition improperly looks at whether the
17  Defendant had the express written consent of the "recipient" as opposed to the "called party."
18  MTS at 19-21. eHealth asserts that it would only be liable if it does not have the consent of the
19  called party, regardless of whether it has the consent of the person who picks up the phone. *Id.*
20  The statutory language of the TCPA addresses whether the caller has the consent of the "called
21  party." 47 U.S.C. § 227(b); *see also N.L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164 (9th
22  Cir. 2020) (discussing the meaning of the term "called party"). The Court thus agrees that the use
23  of the term "recipient" in the class definition makes the class overly broad.
24       Defendant's motion to strike class allegations is thus GRANTED WITH LEAVE TO
25  AMEND for Plaintiff to address the deficiencies identified by the Court here.
26  **IV.    MOTION TO STAY DISCOVERY**
27       **A.    Legal Standard**
28       "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). However, a district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants."). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Singh v. Google, Inc.*, No. 16-cv-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016); *Gibbs v. Carson*, No. C-13-0860 TEH (PR), 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003). First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pac. Lumber Co.*, 220 F.R.D. at 352. Second, "the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Id.* "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

### B. Analysis

Defendant eHealth argues that the Court should stay discovery. *See* MTSD. Now that the Court has resolved the motion to dismiss and motion to strike class allegations, there is no pending motion before the Court. And the Court determines that there is not good cause to stay discovery. As stated above, good cause may exist when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger*, 282 F.3d at 1077 (quoting *Wood*, 644 F.2d at 801). While the Court grants the motion to dismiss, it gives Plaintiff leave to amend, as it is not "convinced that the plaintiff will be unable to state a claim for relief." And because the Court granted leave to amend, the motions that were pending before the Court were not dispositive.

Defendant's motion to stay discovery is DENIED.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND; Defendant's motion to strike class allegations is GRANTED WITH LEAVE TO AMEND; and Defendant's motion to stay discovery is DENIED. Plaintiff SHALL file an amended complaint within 21 days of this order. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified on the record or in this order will result in a dismissal of the deficient claims with prejudice. Plaintiff's amendments shall not exceed the scope allowed by the Court in this order.

Dated: March 22, 2023

BETH LABSON FREEMAN
United States District Judge